UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RAFAEL PAGÁN-QUESTELL,

    Plaintiff,

v.

UNITED STATES PARCEL SERVICE,
et al.,

    Defendants.

Civil No. 08-1217 (JAF)

**OPINION AND ORDER**

Plaintiff, Rafael Pagán-Questell, brought the instant action against Defendants, the United States Parcel Service ("UPS"), the "Departamento del Trabajo y Recursos Humanos" ("the DOL"), Maite A. Alcántara-Mañana ("the arbitrator"), and the Unión de Tronquistas de Puerto Rico Local 901 ("Union"), in Puerto Rico court, seeking annulment of an arbitration award ("the Award") on the grounds that Plaintiff never received notice of the determination and was unable to appeal it. Docket Nos. 1-2, 1-3. UPS removed to federal district court via 28 U.S.C. § 1441 and section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Docket No. 1-1. Plaintiff moved to remand, Docket No. 3, and UPS opposed, Docket No. 4. We denied the motion. Docket No. 5.

UPS now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Docket No. 7. Plaintiff opposes, Docket No. 12, and UPS replies, Docket No. 18.

# I.

## **Factual and Procedural History**

Unless otherwise noted, we derive the following factual summary from the parties' motions, statements of material facts, and exhibits. Docket Nos. 7, 11, 12, 13.

At all times relevant to the present suit, UPS and the Union have been parties to a collective bargaining agreement ("the CBA"). See Docket No. 7-5. The CBA provides that "[d]ischarge or suspension must be by proper written notice to the employee affected." Id. at 13. The CBA also sets forth a grievance process that has several stages, of which the final step is arbitration. Id. at 15-19. The arbitration provision establishes that any grievance must be filed with an arbitrator at the Bureau of Conciliation and Arbitration of the DOL ("the Arbitration Bureau"). See id. at 17. It further states:

> The Arbitrator shall have the authority to apply the provisions of [the CBA], and to render a decision, on any grievance coming before him, but shall not have the authority to amend or modify [the CBA] or establish new terms and conditions under [the CBA]. The decision of the Arbitrator shall be final and binding on the parties and employees involved.

Id. The CBA does not state that the arbitrator must notify employees of awards in order for those awards to have binding effect. Id.

In 2005, Plaintiff was a UPS employee and was a member of the Union. On April 17, 2005, UPS dismissed him because of his refusal to work overtime, which they alleged violated the CBA. On October 13,

2005, the Arbitration Bureau held a hearing to review and assess the parties' evidence related to Plaintiff's termination. Plaintiff was present and testified at this hearing. On February 13, 2006, the arbitrator found that Plaintiff had been insubordinate and affirmed his dismissal. See Docket No. 11-2. The arbitrator notified counsel for UPS and the Union of the Award.

On October 31, 2005, prior to the issuance of the Award, Plaintiff filed a complaint against UPS in the Puerto Rico Commonwealth Court, Carolina Part, seeking damages for discrimination, harassment, retaliation, and breach of contract. Docket No. 11-3. At some point, UPS moved to dismiss, and on April 19, 2006, it filed a supplemental motion to dismiss informing the court of the Award upholding Plaintiff's termination. Docket No. 11-4. UPS' motion stated that the arbitrator's Award "became firm and final after the Union did not request judicial review." Id. It is unclear whether the motion included a copy of the arbitrator's Award. See id. On July 31, 2006, Plaintiff opposed the motion to dismiss, arguing, inter alia, that the Award was not binding because Plaintiff had never received a copy of the Award. Docket No. 11-7. The trial court denied UPS' motion to dismiss, and the Court of Appeals affirmed. See Docket No. 11-5. However, on July 23, 2008, the Puerto Rico Supreme Court reversed, holding that the doctrine of res judicata prevented Plaintiff from raising claims that he could have brought before the Arbitration Bureau. Id.

Civil No. 08-1217 (JAF)                                                              -4-

On January 5, 2008, Plaintiff filed the present complaint against UPS, the DOL, the arbitrator, and the Union in Puerto Rico court seeking to annul the Award on the grounds that Plaintiff never received notice of the Award and was, therefore, unable to appeal it. Docket Nos. 1-2, 1-3. On February 19, 2008, UPS removed to federal district court under section 301 of the LMRA. Docket No. 1-1. Plaintiff moved to remand to Puerto Rico court on March 7, 2008, Docket No. 3, and UPS opposed on March 24, 2008, Docket No. 4. On November 13, 2008, we denied Plaintiff's motion to remand. Docket No. 5. We ruled that, based on Plaintiff's allegations in the complaint, the resolution of Plaintiff's claim required us to interpret the CBA, meaning that the claim was preempted by the LMRA. Id.

UPS moved for summary judgment on December 16, 2008, arguing that (1) the doctrine of res judicata bars Plaintiff's claims; (2) Plaintiff failed to timely file a petition for review of arbitration in the Puerto Rico Court of First Instance; and (3) there are no grounds to reverse the arbitrator's decision. Docket No. 7. Plaintiff opposed on January 7, 2009, Docket No. 12, and UPS replied on January 26, 2009, Docket No. 18.

## II.

### Analysis

Having reviewed the CBA, we now find that the resolution of Plaintiff's claims does not depend on the meaning of the CBA. As explained below, we, therefore, find that the LMRA does not preempt Plaintiff's claims, and conclude that we lack subject-matter jurisdiction over the dispute.

A defendant may remove any civil action from state court to federal district court if the federal district courts have original federal question or diversity jurisdiction over the claim. 28 U.S.C. § 1441; see 28 U.S.C. §§ 1331-32. If at any time prior to final judgment we discover that we lack subject matter jurisdiction, we must remand the case. 28 U.S.C. § 1447(c); see Díaz-Rodríguez v. Pep Boys Corp., 410 F.3d 56, 62 (1st Cir. 2005) (instructing district court to remand case to state court as improvidently removed).

Section 301 of the LMRA provides that district courts have jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185. Section 301 preempts all state-law claims that "depend[] on the meaning of a collective-bargaining agreement." Flibotte v. Pa. Truck Lines, Inc., 131 F.3d 21, 26 (1st Cir. 1997). To determine whether the resolution of Plaintiff's claim depends on the meaning of the CBA, we must ask whether there exists a "real interpretive dispute." See Martin v. Shaw's Supermarkets, Inc., 105 F.3d 40, 42 (1st Cir. 1997). If it is

clear that the CBA does not bear on the present case, then Plaintiff's claim is not preempted by the LMRA. See Lydon v. Boston Sand & Gravel Co., 175 F.3d 6, 12 (1st Cir. 1999).

In his complaint, Plaintiff argues, based on Puerto Rico law, that he had a right to notice of the Award. Docket No. 1-3. He also asserts that "the [CBA] does not show that the notification of the award will be only to the Union and not to Plaintiff . . . . Neither does the [CBA] provide . . . a proceeding which releases the arbitrator from its quasi judicial or administrative obligation of notifying the award to the employee." Id. It is unclear whether Plaintiff intends to argue that the CBA either provided him with the right to notice of the Award or stated that the Award was void in the absence of such notice. However, a cursory review of the CBA reveals that it neither provides a right to notification of awards nor nullifies awards issued without the proper notice. See Docket No. 7-5 at 15-19. Neither party has cited, nor have we found, cases suggesting that there is a federal common-law right to notice of arbitration awards implicit in collective bargaining agreements. Without a contractual clause colorably granting a right to notice, there is no relevant "real interpretive dispute" over the meaning of the CBA. See Martin, 105 F.3d at 42.

Because Plaintiff has no plausible claim under the CBA to nullify the Award based on lack of notice, Plaintiff's claims are not preempted by the LMRA. See Lydon, 175 F.3d at 12. Plaintiff does not

Civil No. 08-1217 (JAF)                                                    -7-

otherwise assert any federal claims. See Docket No. 1-3. Therefore, we lack jurisdiction over the present dispute and are not empowered to decide on the merits UPS' motion for summary judgment and DOL's motion to dismiss.

### III.

### Conclusion

In accordance with the foregoing, we hereby **REMAND** this action to Puerto Rico court. We **DENY** as **MOOT** Defendant UPS' motion for summary judgment, Docket No. 7, and Defendant DOL's motion to dismiss, Docket No. 19.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 27th day of May, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge